UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

United States of America                                    Criminal Action No. 05-60054-01

versus                                                                    Judge Tucker L. Melançon

Bryan A. Hampton                                           Magistrate Judge Patrick J. Hanna

**ORDER**

Before the Court is defendant, Bryan A. Hampton's, Motion To Correct Sentence Under Fed. R. Crim. P. 36 [Rec. Doc. 35] and the Government's Opposition To Motion To Alter Judgment [Rec. Doc. 36].

In his motion, petitioner initially states that he is not being given credit by the United States Bureau of Prisons for time served as instructed by the Court upon sentencing. The record of this matter indicates that the Court sentenced petitioner on March 15, 2006. *R. 29.* The minutes of the sentencing hearing state that "defendant be given credit for time served beginning May 16, 2005." *Id.* The Court's Judgment, entered on March 22, 2011, also states, "[t]he Court requests defendant be given credit for time served beginning May 16, 2005." *R. 30.*

Petitioner also contends that while the Court sentenced him to "70 Months (Count 1) + 120 Months (Count 2) Consecutively" the Court should make clear "its intent for the federal sentences to run concurrently with the state sentences." *R. 35.* The Government argues that Count 2 related to a violation of 18 U.S.C. § 924(c)(1) which mandates that terms of confinement may not run concurrently with any other term of imprisonment. The minutes of the sentencing hearing clearly state that petitioner's term of imprisonment under Count 1 was to run consecutively with his term of imprisonment under Count 2, which was to run consecutively with

Count 1. *R. 29.* While the Court's Judgment is silent as to whether the sentences run consecutively or concurrently, "when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir.2011) (citing 18 U.S.C. § 3584(a)).

The responsibility to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is assigned to the Attorney General, who exercises it through the United States Bureau of Prisons. 18 U.S.C. § 3585. "Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). Under 18 U.S.C. § 3585, a defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. 18 U.S.C. § 3585 provides in pertinent part:

> (b) Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not already been credited against another sentence.

Thus, 18 U.S.C. § 3585 authorizes credit towards a sentence only for time that has not been credited towards another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*,

503 U.S. at 333-34; *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir.2003).

Accordingly, based on defendant's motion and the record of this proceeding, the Court respectfully requests that the United States Bureau of Prisons give defendant credit for time served beginning May 16, 2005.

**THUS DONE AND SIGNED** this 14th day of November, 2011 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE