UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:05-60054 |
| | CIVIL NO. 6:13-2527 |
| VERSUS | JUDGE FOOTE |
| BRYAN ANTHONY HAMPTON | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is  is the Motion to Correct Illegal Sentence filed by petitioner, Bryan Anthony Hampton, pursuant to 28 U.S.C. § 2255. [rec. doc. 38]. The government has filed an Answer and Memorandum in Support thereof, to which petitioner has filed a Reply. [rec. docs. 47 and 48]. This matter was referred to the undersigned for review, report, and recommendation. [rec. doc. 49].

## STATEMENT OF CLAIM

The record reveals that on December 6, 2005, petitioner pled guilty to Counts One and Two of a multi-count Indictment charging petitioner with attempted interference with commerce by robbery in violation of 18 U.S.C. § 1951 and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). [rec. docs. 24 and 25].

Petitioner appeared for sentencing on March 15, 2006, at which time petitioner was sentenced to seventy months on Count One and one hundred twenty months imprisonment on Count Two, the sentences to run consecutively. [rec. doc. 29]. Petitioner's Judgment of conviction was entered on this Court's docket on March 27, 2006. [rec. doc. 30].

Petitioner did not directly appeal his conviction and sentence. The instant Motion was signed on August 18, 2013, postmarked on August 19, 2013 and filed by the Clerk of this Court on August 21, 2013. Petitioner asserts that his sentence violates the principles set forth in *Alleyne v. United States*, 2013 WL 2922116, - - U.S. - - , 133 S.Ct. 2151 (2013).

## LAW AND ANALYSIS

**Untimeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on April 7, 2006, ten days (excluding holidays and weekends) after petitioner's judgment of conviction was entered on this Court's docket.[1] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until April 7, 2007, in which to file his § 2255 Motion in this Court. The instant Motion was not filed until, at the earliest, August 18, 2013.[2] Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1).[3] Rather, petitioner

---

[1] Effective December 1, 2009, Rule 4 of the Federal Rules of Appellate Procedure was amended to provide a fourteen day period in which weekends are included. The amended Rule post-dates the entry of petitioner's Judgment of conviction on this Court's docket and accordingly is inapplicable.

[2] Petitioner signed his Motion on August 18, 2013. Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

[3] Petitioner's sentence was modified on November 14, 2011 to reflect that he receive credit for time served. [rec. doc. 37]. Such modification of a sentence does not affect the date of finality of a criminal judgment. *See United States v. Olvera,* 775 F.3d 726, 729 (2015); *See also United States v. Jones*, -- F.3d ----, 2015 WL 4644629, *3 (5th Cir. 2015). Moreover, even if a sentence modification could "re-start" the

must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction.  *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

Petitioner does not claim that the Government created an impediment to filing his motion, or that his claims rely on the newly discovered facts which could not have been discovered through the exercise of due diligence.  Thus, subsections (2) and (4) are inapplicable.

Rather, petitioner argues that his Motion is timely under subsection (3) because it was filed within one year of the date on which the Supreme Court decided *Alleyne*, which initially was alleged to recognize a new rule of Constitutional law, that he contends is retroactively applicable to cases on collateral review.  In *Alleyne,* the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163.  As the government correctly argues, *Alleyne,* like its predecessors, is not retroactively applicable to cases on collateral review.  *United States v. Olvera,* 775 F.3d 726, 730-731 (2015) *citing  In re Kemper*, 735 F.3d 211 (5th Cir. 2013), *United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002)*, Hughes v. United States,* 770 F.3d 814, 817–19 (9th Cir. 2014), *In re Mazzio,* 756 F.3d 487, 489–91 (6th Cir. 2014), *United States v. Reyes,* 755 F.3d 210, 212–13 (3d Cir. 2014), *cert. denied,* ⸺ U.S. ⸺, 135 S.Ct. 695, ⸺ L.Ed.2d ⸺ (2014), *United States v. Redd,* 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*), *In re Moss, No.* 13–14570–D, 2013 WL 10252931, at *1–3 (11th Cir. Oct. 23, 2013) (*per

---

one year limitation period, petitioner's Motion was filed well over one year from the date of this Court's Order. Hence, the Motion nevertheless is untimely filed.

*curiam*), *United States v. Stewart,* 540 Fed.Appx. 171, 172 n. 1 (4th Cir. 2013) (*per curiam*), *In re Payne,* 733 F.3d 1027, 1029–30 (10th Cir. 2013) and *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013).

Consequently, *Alleyne* does not provide an exception to the one year limitation period and provides no basis for relief herein. *Id.*; *Bradley v. Cain*, 2015 WL 4934247 (W.D. La. 2015) *citing Olvera, supra*.

Finally, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005).

Likewise, the Fifth Circuit has held that in order for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not met his burden of showing that rare, exceptional or extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion. Indeed, the record does not support equitable tolling of the statute of limitations in the instant case.  The circumstances faced by petitioner were not so extraordinary so as to provide a basis for equitable tolling.  Moreover, even if they were, the petitioner has not shown that any extraordinary circumstances prevented him from timely filing his federal *habeas* claims or that he pursued his rights diligently. Accordingly, petitioner is  not entitled to equitable tolling.

For the foregoing reasons, the undersigned finds that Bryan Anthony Hampton's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Accordingly, **IT IS RECOMMENDED** that Bryan Anthony Hampton's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 26th day of August, 2015.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE